UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
FLORA GUGLIELMO,

                Plaintiff,        07 Civ. (   )

       -against-

MAMARONECK UNION FREE SCHOOL      COMPLAINT
DISTRICT, New York, and the BOARD OF
EDUCATION OF THE MAMARONECK
UNION FREE SCHOOL DISTRICT, New,
York,                                                  Jury Trial Demanded
                Defendants.
------------------------------------------------------------x



ORIGINAL
BRIEANT
'07 CIV 11257

      Plaintiff FLORA GUGLIELMO, by her attorneys Lovett & Gould, LLP, for her complaint respectfully states:

### NATURE OF THE ACTION

      1. This is an action for compensatory damages, as well as both declaratory and mandatory injunctive relief required by reason of Defendants continuing failure to accord to Plaintiff for life vested property rights to post-retirement medical insurance and prescription drug insurance.

### JURISDICTION

      2. The Court's jurisdiction is invoked pursuant to 28 U.S.C. §§1331, 1343.

### THE PARTIES

      3. Plaintiff FLORA GUGLIELMO is a citizen of the United States, a domiciliary of the State of New York and a resident of the Northern Counties. At all times relevant to this complaint except as otherwise expressly stated, commencing January 6, 1991, and

1

continuously thereafter Plaintiff was employed as a permanent competitive civil service employee by the Defendant District in the title "Registered School Nurse".

4. Defendant MAMARONECK UNION FREE SCHOOL DISTRICT (hereinafter "District") is a municipal corporate subdivision of the State of New York duly existing by reason of and pursuant to the laws of said State. The District is governed by the duly elected members of the Defendant BOARD OF EDUCATION OF THE MAMARONECK UNION FREE SCHOOL DISTRICT (hereinafter "Board").

## THE FACTS

5. On or about May 4, 1993, the District agreed to and implemented a policy concerning "Health Benefits After Retirement" with respect to "nurses and library assistant[s] upon retirement". In pertinent part that policy provided:

> **Health and Prescription Drug Insurance** is paid by the Mamaroneck Board of Education under the Mamaroneck Health Plan and is continued in retirement for the employee and spouse. After age 65, Medicare becomes the primary coverage with the Mamaroneck Health Plan secondary. Should a retiree die before his/her spouse, the spouse may continue coverage if it is paid for by the spouse"

(boldface in original). That health insurance includes coverage for medical, dental, and *inter alia* visual.

6. On or about January 16, 2002, Plaintiff suffered a debilitating injury on District premises as a result of which she was absent from work for approximately eighteen months.

7. On or about August 1, 2003, Defendants advised Plaintiff in writing that by reason of her continuing absence due to disability the Board intended to terminate her employment at its meeting of September 9, 2003.

8. By correspondence dated September 10, 2003, Defendant advised Plaintiff that by reason of action taken with respect to her the preceding evening, effective September 10, 2003, her employment by the District was terminated.

9. In accordance with the District's established policy, as set forth in paragraph "5", *supra*, by letter dated January 6, 2004, Defendants advised Plaintiff through her then counsel:

> "Please be advised that it has been determined by the Mamaroneck Union Free School District that Flora Guglielmo, formerly a Registered Nurse employed by the Mamaroneck Public Schools, is considered vested for health insurance coverage into retirement should she become a retiree by [*sic.*] the New York State Employees' Retirement System in accordance with the parameters set forth for retirement eligibility."

10. In that connection, and by reason of Plaintiff's having duly filed for disability retirement with the said Retirement System (hereinafter "System"), on January 7, 2004, the System wrote to Defendants, advised them of Plaintiff's disability retirement

3

application, and requested to be provided by Defendants with factual data regarding Plaintiff in order to "determine if the member meets the disability filing requirements".

11. Defendants did not respond to the January 7, 2004, request as a result of which the processing of Plaintiff's retirement application was delayed.

12. Under the circumstances on April 7, 2004, the System again wrote to Defendants requesting factual data regarding Plaintiff so that a determination could be made as to whether she "meets the disability filing requirements".

13. Defendants did not respond to the April 7, 2004, request as a result of which the processing of Plaintiff's retirement application was further delayed.

14. For lack of any response, and on July 9, 2004, the System once again wrote Defendants, denominating its correspondence as its "**THIRD REQUEST**" (boldface and caps in original), and reiterated its previous requests for that data.

15. Defendants did not respond to the July 9, 2004, request as a result of which the processing of Plaintiff's retirement was even further delayed.

16. Under the circumstances on July 23, 2004, the System sent to Defendants a "**FINAL REQUEST**" (boldface and caps in original) once again asking for the information required to process Plaintiff's disability retirement application.

17. Defendants did not respond to the July 23, 2004, final request.

18. Despite Defendants' apparently willful refusal to provide the requested data to the System, Plaintiff's application for disability retirement was approved as a result of which a January 28, 2004, "date of retirement" was established for her by the System.

19. On November 15, 2004, Plaintiff sent a letter to Defendants stating in pertinent respect:

> "I am writing to you regarding a letter which I received signed by you January 4, 2004[,] regarding health insurance coverage into retirement. In the letter it is stated that I am considered vested for my health insurance coverage into retirement should I become a retiree in the NYS Employees' Retirement system. I was accepted into the NYS retirement system as of January 28, 2004. I would like to know what I have to do in order to receive my health benefits as stated [a]s did those nurses who retired before me."

20. Despite Defendants' written acknowledgement that Plaintiff was vested with her retirement health benefits upon becoming a member of the Retirement System, Defendants have without any explanation continuously to date ignored Plaintiff's on-going entitlement to the subject benefits - - annually and/or bi-annually refusing and/or failing to pay the insurance premiums attributable to Plaintiff's benefits. By way of disparate treatment, all other school nurses who retired from Defendants' employ prior to Plaintiff's retirement, have been accorded their post-retirement medical benefits.

21. As a proximate result of Defendants' continuing conduct Plaintiff has on an on-going basis been: deprived of her vested property rights; subjected to disparate treatment with respect to all other retired school nurses who receive and continue to receive the at-issue medical benefits; caused emotional upset; anxiety; public humiliation; embarrassment; pecuniary losses; and she has otherwise been rendered sick and sore.

## AS AND FOR A FIRST CAUSE OF ACTION

22. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "21", inclusive.

23. Under the premises Defendants, on a continuing basis, are depriving Plaintiff of her vested property right in post-retirement medical and prescription drug insurance, thereby violating her rights as guaranteed by the Fourteenth Amendment to the United States Constitution, 42 U.S.C. §1983.

## AS AND FOR A SECOND CAUSE OF ACTION

24. Repeats and realleges as if fully set forth the allegations of fact contained in paragraphs "1" to "21", inclusive.

25. Under the premises Defendants' conduct violated Plaintiff's right to Equal Protection as guaranteed by the Fourteenth Amendment to the United States Constitution, 42 U.S.C. §1983.

WHEREFORE a judgment and order is respectfully requested:

   a. Declaring that effective January 28, 2004, Plaintiff had a vested property right to receive post-retirement health and prescription drug insurance at the District's expense,

   b. Declaring that on a continuing basis into the future Plaintiff has a vested property right to receive the subject insurance at District expense,

c. Embodying a mandatory injunction requiring Defendants to forthwith and prospectively accord to Plaintiff and her spouse the at-issue medical insurance benefits,

d. Ordering Defendants to reimburse Plaintiff retroactive to January 28, 2004, for all health insurance premiums paid by her and/or her spouse by reason of the Defendants' continuing violations of her federally protected rights,

e. Ordering Defendants to retroactively provide, effective January 28, 2004, the subject health benefits at District cost, for Plaintiff's life and in the event she should pre-decease her husband, for his life as required by the District's medical benefits and prescription drug insurance policy, and,

f. Awarding compensatory damages, reasonable attorney's fees and costs, and

g. Granting such other and further relief as to the Court seems just and proper.

Dated: White Plains, N.Y.
      November 28, 2007

LOVETT & GOULD, LLP
Attorneys for Plaintiff
By:_____
    Jonathan Lovett
222 Bloomingdale Road
White Plains, N.Y. 10605
914-428-8401