UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
---

FLORA GUGLIELMO,

               Plaintiff,                                                                                   07 CV 11257 (CLB)

-against-                                                                             ANSWER

MAMARONECK UNION FREE SCHOOL DISTRICT, New York, and the BOARD OF EDUCATION OF THE MAMARONECK UNION FREE SCHOOL DISTRICT, New York,

               Defendants.
---

Defendants, Mamaroneck Union Free School District ("MUFSD") and the Board of Education of the Mamaroneck Union Free School District ("Board of Education") (referred to collectively as "defendants") by their attorneys, Traub Lieberman Straus & Shrewsberry LLP, as and for their answer to plaintiff's complaint, allege as follows:

## NATURE OF THE ACTION

1.     The claims set forth in paragraph "1" of the complaint characterize the nature of this action and do not require a response. To the extent a response is required, defendants deny the allegations set forth in paragraph "1" of the complaint.

## JURISDICTION

2.     The claims set forth in paragraph "2" of the complaint characterize the nature of this action and do not require a response. To the extent a response is required, defendants deny the allegations set forth in paragraph "2" of the complaint.

3. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "3" of the complaint and refer all questions of law to the court.

## THE PARTIES

4. Deny each and every allegation set forth in paragraph "4" of the complaint, except to state that MUFSD is a duly organized school district and operates with a duly elected School Board.

5. Deny each and every allegation set forth in paragraph "5" of the complaint, except to state that MUFSD had a health benefit plan and refer to its terms and conditions for its provisions, restrictions, exclusions and other controlling terms.

6. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "6" of the complaint, except state that plaintiff was absent form work for an extended period of time, commencing on or about January 2, 2002.

7. Deny each and every allegation set forth in paragraph "7" of the complaint, except state that plaintiff was advised that she would be terminated pursuant to the applicable terms and conditions of her employment with MUFSD.

8. Deny each and every allegation set forth in paragraph "8" of the complaint, except state that plaintiff was advised that she would be terminated pursuant to the applicable terms and conditions of her employment with MUFSD.

9. Deny each and every allegation set forth in paragraph "9" of the complaint, except state that correspondence was issued to plaintiff on or about January 4, 2004, and refer to that letter for a complete recitation of its contents.

10. Deny knowledge or information sufficient to form a belief as to the truth of the allegations set forth in paragraph "10" of the complaint, except state that MUFSD received communications from the Retirement System, as that term is used in the complaint, with regard to plaintiff.

11. Deny each and every allegation contained in paragraph "11" of the complaint.

12. Deny each and every allegation contained in paragraph "12" of the complaint. except to state that MUFSD received communications from the Retirement System, as that term is used in the complaint, with regard to plaintiff.

13. Deny each and every allegation contained in paragraph "13" of the complaint.

14. Deny each and every allegation contained in paragraph "14" of the complaint, except to state that MUFSD received communications from the Retirement System, as that term is used in the complaint, with regard to plaintiff.

15. Deny each and every allegation contained in paragraph "15" of the complaint.

16. Deny each and every allegation contained in paragraph "16" of the complaint, except to state that MUFSD received communications from the Retirement System, as that term is used in the complaint, with regard to plaintiff.

17. Deny each and every allegation set forth in paragraph "17" of the complaint.

18. Deny each and every allegation set forth in paragraph "18" of the complaint concerning defendants' alleged "willful refusal to provide the requested data" and deny knowledge or information sufficient to form a belief as to the truth of the remaining allegations in that paragraph.

19. Deny each and every allegation contained in paragraph "19" of the complaint, except to state that MUFSD received communications from plaintiff and refer to said communication for its contents.

20. Deny each and every allegation set forth in paragraph "20" of the complaint.

21. Deny each and every allegation set forth in paragraph "21" of the complaint.

### AS AND FOR A FIRST CAUSE OF ACTION

22. Repeat, reiterate and reallege each and every response to the allegations set forth paragraphs "1" through "21" of the complaint as if set forth fully herein.

23. Deny each and every allegation set forth in paragraph "23" of the complaint.

### AS AND FOR A SECOND CAUSE OF ACTION

24. Repeat, reiterate and reallege each and every response to the allegations set forth paragraphs "1" through "24" of the complaint as if set forth fully herein.

25. Deny the allegations set forth in paragraph "25" of the complaint.

### FIRST AFFIRMATIVE DEFENSE

26. Plaintiff's complaint fails to state a claim upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

27. This court does not have jurisdiction over this matter, as plaintiff has failed to exhaust her administrative remedies.

### THIRD AFFIRMATIVE DEFENSE

28. The claims and causes of action asserted in the complaint are barred by the applicable statutes of limitations.

### FOURTH AFFIRMATIVE DEFENSE

29.   At all times relevant hereto, defendants acted in good faith, without malice and did not act in a wrongful manner.

### FIFTH AFFIRMATIVE DEFENSE

30.   The relief sought by plaintiff is barred by the doctrines of waiver and/or estoppel.

### SIXTH AFFIRMATIVE DEFENSE

31.   Any amount of damages otherwise recoverable by plaintiff shall be diminished in total in total, or in proportion to which the culpable conduct of the plaintiff or third-parties over whom the answering defendants had no control bears to the total conduct causing the damages alleged in the complaint.

### SEVENTH AFFIRMATIVE DEFENSE

32.   At all times relevant hereto, defendants did not act in a negligent, reckless, or careless manner or in violation of any statute or applicable law.

### EIGHTH AFFIRMATIVE DEFENSE

33.   Plaintiff has failed to mitigate her damages.

### NINTH AFFIRMATIVE DEFENSE

34.   Defendants reserve the right to assert any additional affirmative defenses as warranted based on the results of further investigation and discovery in this matter.

WHEREFORE, defendants Mamaroneck Union Free School District and Board of Education of the Mamaroneck Union Free School District demand judgment dismissing plaintiff's complaint

in its entirety, together with costs and disbursements of this action, and for any other relief that the court deems just and proper.

Dated: Hawthorne, New York
February 29, 2008

                        TRAUB LIEBERMAN STRAUS & SHREWSBERRY LLP

                    By: _____
                        Jonathan R. Harwood (JH-9060)
                        Attorneys for Defendants
                        *Mamaroneck Union Free School District and*
                        *The Board of Education of the Mamaroneck Union*
                        *Free School District*
                        Mid-Westchester Executive Park
                        Seven Skyline Drive
                        Hawthorne, New York 10532
                        (914) 347-2600

To:   Kim Patricia Berg, Esq.
       Lovett & Gould, LLP
       222 Bloomingdale Road
       White Plains, New York 10605